UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEBRA HUSLINGS )
   Plaintiff, )
  )
v. ) C.A. No. 16-cv-672-M-PAS
  )
SOUTHWEST AIRLINES CO., )
   Defendant. )

## ORDER

Debra Hulings, an 18-year employee of Southwest Airlines Co., brings federal and state claims alleging that Southwest subjected her to a hostile work environment based on her gender and retaliation because she complained about it. The dispute arises from an alleged affair Ms. Hulings' female supervisor had with Ms. Hulings' husband, also a Southwest employee.

Southwest filed a Motion to Dismiss (ECF No. 4) asserting that as to Ms. Hulings' hostile work environment claim, she does not allege gender-motivated conduct, the conduct alleged did not relate to her employment, and the conduct was not sufficiently severe and pervasive. As to Ms. Hulings' retaliation claim, Southwest asserts that she did not engage in any protected conduct and she did not suffer any adverse employment action.

Ms. Hulings responds (ECF No. 8) that her gender was linked inextricably to her supervisor's discriminatory harassment actions because the supervisor viewed Ms. Hulings as a rival for the affections of her husband.

At this stage of the litigation, taking the allegations in the complaint as true and in the light most favorable to the Plaintiff, including all reasonable inferences, Ms. Hulings has plausibly alleged that she was subjected to a hostile work environment based on her gender. For example, she alleges:

- "she had been discriminated on the basis of her gender, subject to a hostile work environment and subject to retaliation for opposing unlawful employment practices." ECF No. 1-1 at 2 ¶ 4.
- "The Defendant discriminated against the Plaintiff because of her gender and in retaliation for her opposing what she reasonably believed to be unlawful conduct in the workplace." *Id.* at 6 ¶ 27.
- "The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory treatment because of her gender." *Id.*
- "interfering with Plaintiffs right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender." *Id.* at 7 ¶ 30a.
- "treating her in a hostile, demeaning, and otherwise unlawful manner and denying her employment opportunities based on her gender." *Id.* at 7 ¶ 30c.
- "The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiffs gender." *Id.* at 8 ¶ 31.

- "But for the Defendant's intent to discriminate against Plaintiff because of her gender, Defendant would not have subjected Plaintiff to disparate and unlawful employment practices; subjected to a hostile work environment or retaliated against her." *Id.* at 8 ¶ 32.

In effect, Ms. Hulings alleges that because she was a woman, competing with her supervisor for the affection of her husband, that her supervisor discriminated against her and set up a gender based hostile work environment for her. (E.g., "Plaintiffs supervisor took deliberate and malicious steps to influence the terms and conditions of Plaintiff's employment, many of which were taken in an attempt to further the relationship between her and the Plaintiff's husband." *Id.* at 5 ¶ 22.) Presumably, the supervisor's harassment of Ms. Hulings would not have occurred if she were not a woman, the preferred sex of the heterosexual husband/paramour. *Bodman v. Me. Dep't of HHS*, 720 F.Supp.2d 115, 119 (D. Me. 2010).

As to the retaliation claim, Ms. Hulings plausibly alleges that she objected to the discriminatory and harassing treatment and therefore was subject to alienation and ostracism by her supervisor as a result. (E.g., "The Defendant discriminated against the Plaintiff because of her gender and in retaliation for her opposing what she reasonably believed to be unlawful conduct in the workplace. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory treatment because of her gender and because she complained about what she reasonably believed to be unlawful conduct." *Id.* at 6 ¶ 27). She also alleges that she

suffered an adverse employment consequence because Southwest forced her out on medical leave because of their discriminatory actions. ("This leave was precipitated by a hostile environment existing in the workplace, perpetrated by the Plaintiffs immediate supervisor and others, with the full knowledge and acquiescence of the Employer." *Id.* at 4 ¶ 15). "[I]ncidents of no sexual conduct -- such as work sabotage, exclusion, denial of support, and humiliation -- can in context contribute to a hostile work environment." *O'Rourke v. City of Providence*, 235 F.3d 713, 739 (1st Cir. 2001).

Whether Ms. Hulings can prove that any discrimination to which she may have been subjected, or hostile work environment that she may have endured, or retaliation that she may have encountered, was gender based -- as she must -- the allegations deserve to be subjected to the discovery process and potentially to an evaluation by a jury.

Therefore, the Court DENIES Defendant Southwest Airline Co.'s Motion to Dismiss. ECF No. 4

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

April 18, 2017